IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY MCGEE, et al.,

    Petitioners,                    No. CIV S-06-0495 MCE GGH PS

    vs.

MARGARET SEAGRAVES, et al.,       ORDER and FINDINGS &

    Respondents.               RECOMMENDATIONS

_____/

        Petitioners, proceeding pro se, filed on March 9, 2006, a "Notice of Petition For Removal" of an unlawful detainer action filed against them in state court.[1]  Also before the court is a motion to remand and request for sanctions, filed April 6, 2006, by respondents County of Sacramento, Blanas and Scully.  The case has been referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).  These matters were heard on the court's May 11, 2006 law and motion calendar.  Petitioners appeared pro se.  Jenny Rim appeared for these respondents.  After reviewing the filings and hearing oral argument, the court now issues the following findings and recommendations.

\\\\\

---

[1] Petitioners have also filed an in forma pauperis application; however, the court will not rule on it.

1

BACKGROUND

Petitioners were sued in state court in an unlawful detainer action for non-payment of rent, by Margaret Seagraves. In response, petitioners have filed the instant petition for removal, attempting to add 13 new respondents who were not parties to the state court action, and alleging new claims. Petitioners allege that respondents have violated their civil rights under 42 U.S.C. §§ 1981, 1982 and 2000 through discrimination against African Americans. As a result of this discrimination, petitioners claim they have been unable to earn an income and therefore cannot pay their rent. Compl. at 2-3. Petitioners also assert that they are being evicted based on their race. Id. at 4. It is further alleged that respondents "have conspired or aided and incited other persons to commit the following wrongs against plaintiff: attempted murder; kidnap; attempted kidnap; torture; assault with a deadly weapon; assault; battery; intimidation by threats of violence; extortion; false imprisonment; malicious prosecution; robbery; burglary; breaking and entering into petitioners property; perjury; forgery; unlawful sexual conduct; and unlawfully searched and seizure," causing petitioners to lose income. Id. at 5. Petitioners proceed to describe their litigation history in detail, blaming various legal incidents on respondents. Petitioners seek removal based on the aforementioned grounds, arguing that state law pertaining to unlawful detainer actions would not allow them to defend the state court action based on deprivation of civil rights by state officials.

DISCUSSION

    I. Remand

Respondents bring their motion for remand on two grounds, that they were not parties to the state court unlawful detainer action, and that petitioners cannot satisfy the two part test for removal under 28 U.S.C. § 1443.

The only party in this action who was a party in the state court action that petitioners are trying to remove is Margaret Seagraves, apparently the landlord or owner of the premises, who initiated the unlawful detainer action against petitioners. This respondent has not

made an appearance in this action.  Respondents County of Sacramento, Lou Blanas, and Jan Scully are not parties in the unlawful detainer action and therefore have no standing to make an appearance in this case.  Third-party Plaintiffs/Petitioners (defendants in the state action) simply named additional parties in their petition for removal.  No third-party complaint has been filed. Of course, one can only remove parties to federal court if they were parties in the removed action.  However, the appearing third party defendants/respondents were reasonably cautious in attempting to appear since for some reason the Clerk's Office had given petitioners summons to serve all named parties.  Therefore, the court will *sua sponte* examine its own jurisdiction over this action.

A district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court.  Petitioners' apparent attempt at creating federal subject matter jurisdiction by simply adding parties, claims and defenses to a petition for removal will not succeed as third-party claims and affirmative defenses are not permitted in unlawful detainer actions.  Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal.App.3d 1032, 1066, 241 Cal. Rptr. 487 (1987).

Removal jurisdiction statutes are strictly construed against removal.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

3

invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

Petitioners' basis for removal is 28 U.S.C. § 1443. The case is not removable pursuant to 28 U.S.C. § 1443, which has a two-pronged test for removal. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 1595 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Davis v. Superior Court of California, 464 F.2d 1272 (9th Cir.1972) (removal of state prosecution to federal court under § 1443 is specific and narrow; claims must relate to statutes explicitly protecting equal racial civil rights). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.'" Johnson, 421 U.S. at 220 (citation omitted). This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right. Id. As the Ninth Circuit observed, "The Supreme Court . . . has given section 1443 a restrictive interpretation." California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970) (per curiam). The instant matter does not implicate claims relating to explicit statutory enactments protecting equal racial civil rights, but merely concerns an unlawful detainer action for non-payment of rent.

Even if this removal had been attempted under 28 U.S.C. § 1441, a defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable."). Petitioners have not shown that they are unable to raise their federal constitutional rights in state court.

Accordingly, the court finds that remand is appropriate because the case is not one which arises under federal law. Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks subject matter jurisdiction, the court shall make an order for remand. The petition for removal

and the state court record filed in this case demonstrate that the underlying proceedings are not removable to this court. No jurisdictional basis for removal of this state action appearing, remand is appropriate.

II. Sanctions

Respondents request sanctions because this is the second attempt by McGee to remove an unlawful detainer action to this court. See Hildebrand v. McGee, Civ.S. 00-1578 GEB DAD PS, aff'd., 19 Fed. Appx. 582 (9th Cir. 2001); Request for Judicial Notice, filed April 6, 2006.

Because respondents are not parties to the unlawful detainer action, and hence not parties herein, their request for sanctions must be denied. Petitioners were warned at hearing, however, that they have filed numerous frivolous actions in this court, and that if they continue to abuse the federal courts with frivolous filings, they may be declared vexatious litigants in future.

CONCLUSION

Accordingly, IT IS ORDERED that respondents' April 6, 2006 motion for sanctions is denied.

IT IS HEREBY RECOMMENDED that:

1. The state action be summarily remanded to the Sacramento County Superior Court;

2. The Clerk serve a certified copy of this order to the clerk of the Sacramento County Superior Court, and reference the state case number (06UD01611) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/2/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
McGee0495.rem.wpd